IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DARIO ALDA, et al.,

    Plaintiff,                      No. CIV S-11-925 MCE DAD (TEMP) PS

    v.

WELLS FARGO BANK, N.A., et al.,

    Defendants.               FINDINGS AND RECOMMENDATIONS
_____/

        On April 4, 2011, this action was removed from the Sacramento County Superior Court. Plaintiffs, proceeding pro se, filed a complaint alleging claims under the Truth in Lending Act ("TILA"), 12 U.S.C. § 1635, the Real Estate Settlement Procedures Act ("RESPA"), and various state law causes of action. The case was referred to the undersigned pursuant to Local Rule 302(c)(21).

        On April 13, 2011, defendant Wells Fargo Bank N.A. ("Wells Fargo") filed a motion to dismiss pursuant to Federal Rules of Civil Procedure 12(b)(6) on the grounds that plaintiff's complaint fails to state any legally cognizable claim upon which relief may be granted. That motion was properly re-noticed on April 15, 2011 for hearing before the undersigned. On April 19, 2011, defendant Fidelity National Title Insurance Company ("Fidelity") also filed a motion to dismiss. The record reflects that defendants' motions were properly served on the pro

se plaintiffs. Thereafter, the court issued an order setting both motions for hearing on June 10, 2011. On that date the case came before the court for hearing on defendants' properly noticed motions. Dean Christopherson, Esq. appeared for defendant Wells Fargo; Carl Paganelli, Esq. appeared for defendant Fidelity. No appearance was made by or on behalf of plaintiffs.

Upon consideration of all written materials filed in connection with the motions and the entire file, the undersigned recommends that defendants' motions to dismiss be granted.

## LEGAL STANDARDS APPLICABLE TO MOTIONS TO DISMISS

The purpose of a motion to dismiss pursuant to Rule 12(b)(6) is to test the legal sufficiency of the complaint. N. Star Int'l v. Ariz. Corp. Comm'n, 720 F.2d 578, 581 (9th Cir. 1983). "Dismissal can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990). A plaintiff is required to allege "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). Thus, a defendant's Rule 12(b)(6) motion challenges the court's ability to grant any relief on the plaintiff's claims, even if the plaintiff's allegations are true.

In determining whether a complaint states a claim on which relief may be granted, the court accepts as true the allegations in the complaint and construes the allegations in the light most favorable to the plaintiff. Hishon v. King & Spalding, 467 U.S. 69, 73 (1984); Love v. United States, 915 F.2d 1242, 1245 (9th Cir. 1989). In general, pro se complaints are held to less stringent standards than formal pleadings drafted by lawyers. Haines v. Kerner, 404 U.S. 519, 520-21 (1972). However, the court need not assume the truth of legal conclusions cast in the form of factual allegations. W. Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir. 1981). The court is permitted to consider material which is properly submitted as part of the complaint, documents not physically attached to the complaint if their authenticity is not contested and the plaintiff's complaint necessarily relies on them, and matters of public record. Lee v. City of Los Angeles, 250 F.3d 668, 688-89 (9th Cir. 2001).

Although the Federal Rules of Civil Procedure adopt a flexible pleading policy, a complaint must give the defendant fair notice of the plaintiff's claims and must allege facts that state the elements of each claim plainly and succinctly. Fed. R. Civ. P. 8(a)(2); Jones v. Community Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984). The plaintiff must allege with at least some degree of particularity overt acts which the defendants engaged in that support the plaintiff's claims. 733 F.2d at 649. A complaint must also contain "a short and plain statement of the grounds for the court's jurisdiction" and "a demand for the relief sought." Fed. R. Civ. P. 8(a)(1) & 8(a)(3).

## PLAINTIFF'S FAILURE TO OPPOSE DEFENDANT'S MOTION

Defendants filed their motions to dismiss on April 13, 2011 and April 15, 2011. The motions were properly set for hearing on June 10, 2011. Plaintiffs did not file timely written opposition to either motion, did not appear at the hearing held on June 10, 2011, and did not file any opposition to either motion after the hearing. Plaintiffs' failure to appear at the properly noticed hearing on defendants' motions may, in the discretion of the court, be deemed a statement of no opposition to the granting of the motions. See Local Rule 230(i). An inference of non-opposition in the present case is supported by plaintiffs' failure to file written opposition and failure to appear at the hearing. See Local Rule 230(c) ("No party will be entitled to be heard in opposition to a motion at oral arguments if opposition to the motion has not been timely filed by that party.").

## ANALYSIS

The undersigned finds that plaintiffs' failure to file written opposition and failure to appear at the hearings on defendants' motions to dismiss, considered together with plaintiffs' failure to participate in this action since its initiation, should be deemed a statement of no opposition to the granting of defendants' motions. Nonetheless, in light of plaintiffs' pro se status, the undersigned has reviewed defendants' arguments and addresses them below.

/////

Defendants have requested judicial notice of documents related to the matters at issue. (Doc. No. 20.) Defendants' request for judicial notice will be granted pursuant to Federal Rule of Evidence 201. See <u>Lee v. City of Los Angeles</u>, 250 F.3d 668, 688-89 (9th Cir. 2001) (on a motion to dismiss, court may consider matters of public record); <u>MGIC Indem. Corp. v. Weisman</u>, 803 F.2d 500, 504 (9th Cir.1986) (on a motion to dismiss, the court may take judicial notice of matters of public record outside the pleadings).

The documents of which the court may take judicial notice establish that the subject property was purchased by plaintiffs on November 24, 2004 with a loan of $333,700 secured by a deed of trust. Wells Fargo was the lender and Fidelity National was the trustee. On June 26, 2009, Cal-Western Reconveyance Corporation was substituted as trustee. Plaintiffs defaulted on the loan and the property was sold at a trustee's sale on March 3, 2011 to Wells Fargo Bank.

Defendants contend that plaintiffs' civil action is time barred. That contention is well taken. The mortgage loan in question was consummated in November 2004. This action was filed in state court on March 7, 2011. Any claim related to alleged fraudulent omissions in transacting the loans is barred by the three year statute of limitations for state law fraud claims under California Code of Civil Procedure § 338. Similarly, any claim for damages under TILA is barred by the one year provision under 15 U.S.C. § 1640(e). The failure to make required disclosures for purposes of a damages claim under TILA occurs on the date the loan documents are signed, because on that date the buyer is in possession of all information relevant to the buyer's discovery of the TILA violation and the basis for a damages claim. <u>Meyer v. Ameriquest Mortgage Co.</u>, 342 F.3d 899, 902 (9th Cir. 2003); <u>Lingad v. Indymac Federal Bank</u>, 682 F. Supp. 2d 1142, 1147 (E.D. Cal. 2010) ("[W]hen a plaintiff fails to allege any facts demonstrating that the TILA violations alleged could not have been discovered by due diligence during the one-year statutory period, equitable tolling should not be applied and dismissal at the pleading stage is appropriate."); <u>Rosal v. First Federal Bank of California</u>, 671 F. Supp. 2d 1111, 1122 (N.D. Cal.

2009). Plaintiff's claim under RESPA is similarly barred by the applicable one year statute of limitations provided under 12 U.S.C. § 2614.

Plaintiff's claim for rescission under TILA is also time barred under the three year statute provided under 15 U.S.C. § 1635(f); see also Parcray v. Shea Mortgage Inc., No. CV-F-09-1942 OWW/GSA, 2010 WL 1659369, at *16 (E.D. Cal. Apr. 23, 2010); Hughes v. Residential Mortgage Capital, No. C 09-4511 SI, 2010 WL 986998, at *2 (N.D. Cal. Mar. 17, 2010) ("Numerous courts have held that an involuntary foreclosure sale, like any other sale, terminates TILA's right of rescission."); Cross v. Downey Savings & Loan Ass'n, No. CV 09-317 CAS (Ssx), 2009 WL 481482, at *3 (C.D. Cal. Feb 23, 2009). In addition, because the subject loan was a purchase money loan, the TILA rescission remedy is not available to plaintiffs in any event.

Plaintiffs also contend defendants failed to modify their loan under California Civil Code § 2923.5. Under that provision, a mortgagee, trustee, beneficiary or authorized agent must contact or diligently attempt to contact the borrower before recording a notice of default and must declare it has done so. Cal. Civ. Code §§ 2923.5(a)(1), (b). The section further provides that provides that a mortgagee, trustee, beneficiary or authorized agent may not file a notice of default pursuant to California Civil Code Section 2924 ("§ 2924") until 30 days after initial contact with the borrower is made, in person or by telephone, or after due diligence, to assess the borrower's financial situation and explore options for the borrower to avoid foreclosure. In this case, the notice of default declares compliance with this provision. Moreover, the only remedy provided under the statute is postponement of the sale before it happens, and in this case, the subject property was sold in March, 2011. See Mabry v. Superior Court, 185 Cal. App. 4th 208, 221 (2010)

Plaintiffs also allege a claim under California Civil Code § 2923.6. This provision addresses the rights and obligations of a loan servicer with respect to participants in a loan pool. There is no private right of action created under this statute. See Farner v.

1  Countrywide Home Loans, Inc., No. 08cv2193 BTM(AJB), 2009 WL 189025, *22 & n.1 (S.D.
2  Cal. 2009) (no private right of action for borrowers); Ruiz v. Saxon Mort. Services, No. CV09-
3  02766 AHM (SSx), 2009 WL 1872465, *2 n.2 (C.D. Cal. 2009) (no cognizable claim for
4  wrongful foreclosure under statute); see also Nool v. HomeQ Servicing, 653 F. Supp.2d 1047,
5  1052 (E.D. Cal. 2009) (lender not obligated to provide loan modification under § 2923.6).
6  Because there is no private right of action under California Civil Code § 2923.6 , plaintiffs
7  cannot state a cognizable claim under this statute.

8        Plaintiffs' quiet title claim also is deficient in that they fail to allege tender of the
9  amount of indebtedness and fails to allege with particularity the facts upon which the trustee's
10 deed upon sale should be set aside.  To the extent plaintiffs by this action are attempting to set
11 aside a foreclosure sale of their property, such a claim cannot lie in that plaintiffs fail to allege
12 tender of the full amount owed on the loan.  See Pantoja v. Countrywide Home Loans, Inc., 640
13 F. Supp. 2d 1177, 1183-84 (N.D. Cal. 2009) ("Under California law, in an action to set aside a
14 trustee's sale, a plaintiff must demonstrate that he has made a valid and viable tender [offer] of
15 payment of the indebtedness" (citations and quotation marks omitted).); see also Alcaraz v.
16 Wachovia Mortgage FSB, 592 F. Supp. 2d 1296, 1304 (E.D. Cal. 2009) ("'A valid and viable
17 tender of payment of the indebtedness owing is essential to an action to cancel a voidable sale
18 under a deed of trust.'") (citing Karlsen v. Am. Sav. & Loan Ass'n, 15 Cal. App. 3d 112, 92 Cal.
19 Rptr. 851 (Ct. App. 1971)).  Similarly, any claim to quiet title cannot lie in the absence of tender.
20 See Shimpones v. Stickney, 219 Cal. 637, 649 (1934) (mortgagor cannot quiet his title against
21 the mortgagee without paying the debt secured); see also Aguilar v. Bocci, 39 Cal. App. 3d 475,
22 477 (1974); Kelley v. Mortgage Electronic Registration, 642 F. Supp. 2d 1048, 1057 (N.D. Cal.
23 2009) ("Plaintiffs have not alleged . . . that they have satisfied their obligation under the Deed of
24 Trust.  As such, they have not stated a claim to quiet title.").

25       Plaintiffs' remaining state law claims are either preempted or have been mooted
26 by the sale of the subject property.  See 12 U.S.C. §§ 37, 43 (Office of the Comptroller of the

Currency empowered to issue regulations preempting National Banks from application of state laws); see also 12 C.F.R. § 34.3 (regulations preempting application of state statutes).

The undersigned has carefully considered whether plaintiffs may amend the complaint to state any claim upon which relief can be granted. "Valid reasons for denying leave to amend include undue delay, bad faith, prejudice, and futility." California Architectural Bldg. Prod. v. Franciscan Ceramics, 818 F.2d 1466, 1472 (9th Cir. 1988). See also Klamath-Lake Pharm. Ass'n v. Klamath Med. Serv. Bureau, 701 F.2d 1276, 1293 (9th Cir. 1983) (holding that, while leave to amend shall be freely given, the court does not have to allow futile amendments). Leave to amend would clearly be futile in this instance given the numerous deficiencies of plaintiffs' complaint discussed above and plaintiffs' apparent abandonment of the litigation. The undersigned will therefore recommend that plaintiffs' complaint be dismissed in its entirety with prejudice.

For the reasons set forth above, the undersigned has determined that defendant Wells Fargo's and defendant Fidelity's motions to dismiss should be granted and has so recommended. If that recommendation is adopted the only remaining defendant will be defendant Cal Western Reconveyance Corporation, which apparently has been named as a defendant solely because it was substituted as a trustee under the deed of trust in question. "A District Court may properly on its own motion dismiss an action as to defendants who have not moved to dismiss where such defendants are in a position similar to that of moving defendants or where claims against such defendants are integrally related." Silverton v. Dep't of Treasury, 644 F.2d 1341, 1345 (9th Cir. 1981). "Such a dismissal may be made without notice where the [plaintiffs] cannot possibly win relief." Omar v. Sea-Land Serv., Inc., 813 F.2d 986, 991 (9th Cir. 1987). The court's authority in this regard includes sua sponte dismissal as to defendants who have not been served and defendants who have not yet answered or appeared. Columbia Steel Fabricators, Inc. v. Ahlstrom Recovery, 44 F.3d 800, 802 (9th Cir. 1995) ("We have upheld dismissal with prejudice in favor of a party which had not yet appeared, on the basis of facts

presented by other defendants which had appeared."); see also Bach v. Mason, 190 F.R.D. 567, 571 (D. Idaho 1999); Ricotta v. California, 4 F. Supp. 2d 961, 978-79 (S.D. Cal. 1998).  Here, the non-appearing defendant is in a position similar to that of the moving defendants and the claims are integrally related.  Moreover, from plaintiffs' failure to oppose the motion to dismiss, it appears that plaintiffs have abandoned this litigation.  Under these circumstances, dismissal of the entire action is appropriate.

## CONCLUSION

For the reasons set forth above, IT IS HEREBY RECOMMENDED that:

1. Defendants' motions to dismiss (Doc. Nos. 7, 13, 19) be granted and the action be dismissed with prejudice;

2. This case be closed.

These findings and recommendations will be submitted to the United States District Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, any party may file and serve written objections with the court.  A document containing objections should be titled "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to objections shall be filed and served within seven days after the objections are served.  The parties are advised that failure to file objections within the specified time may, under certain circumstances, waive the right to appeal the District Court's order.  See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: July 6, 2011.

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

JMM
alda0925.mtd.dad